UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE-NASHVILLE

| | |
|---|---|
| DANIEL SMITH <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC <br> GRANITE BAY ACCEPTANCE, INC. <br><br> Defendants. | Case No. 19-CV-00439 <br><br> Judge William J. Campbell, Jr. <br><br> **JURY DEMAND** <br><br> **AMENDED COMPLAINT** |

## INTRODUCTION

By enacting the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et. seq.*, Congress set a high standard of behavior for consumer reporting agencies to follow because "there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's *right to privacy"*, § 1681(a)(4). Consumer reporting agencies must exercise the highest duty of care to prevent unauthorized access by their subscribers and prevent misuse of that information. Failure to do so will result in liability under the FCRA.

Equally important, subscribers of consumer credit information are only permitted to use this information under a very limited set of circumstances and the FCRA regulates the conduct of users of this credit information. The impermissible access of a consumer report is a significant invasion of privacy and subscribers that obtain a consumer's credit information without one of the FCRA's enumerated purposes are equally liable under the FCRA.

## PARTIES

1. The Plaintiff in this action is Daniel Smith, who resides in Davidson County, Nashville, Tennessee and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. The Defendants to this lawsuit are as follows:

   a. Trans Union, LLC ("Trans Union") is a consumer reporting agency, as defined by §1681a(f), and is a foreign corporation transacting business within the State of Tennessee and has a registered agent located in Tennessee;

   b. Defendant Granite Bay Acceptance, Inc. ("Granite Bay") is a "person", as defined by § 1681a(b), is a user of credit information and is a foreign corporation transacting business within the State of Tennessee and has a registered agent located in Tennessee.

## JURISDICTION & VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b) as the transactions and occurrences that give rise to this action occurred in Davidson County, Tennessee.

## FACTUAL ALLEGATIONS

4. Plaintiff performed a routine inspection of his Trans Union consumer report, dated May 6, 2019, and discovered seven (7) inquiries by two entities, Granite Bay and National Debt Relief ("NDR")[1] on the following dates:

   **GRANITE BAY ACCEPTANCE - February 15, 2019; November 15,**

---

[1] National Debt Relief is not a party to this action.

> 2018; September 15, 2018; August 23, 2018; July 15, 2018; June 15, 2018.

**NATIONAL DEBT RELIEF - November 7, 2018**

5. A true and correct copy of Plaintiff's May 6, 2019 Trans Union consumer report inquiry section, evidencing the Granite Bay and NDR promotional inquiries, is attached as redacted Exhibit A.

6. An inquiry on a consumer report indicates that a person[2] obtained credit information on a specified date regarding the consumer. It also serves to document the fact that the consumer reporting agency furnished the credit information to the person listed.

7. Trans Union sells 'prescreened lists', which are lists of consumers that meet certain pre-selected credit criteria. Such prescreened lists are "consumer reports" as defined pursuant to §1681a(d), see also *Trans Union v. F.T.C.*, 245 F.3d 809 (D.C. Cir. 2001).

8. As a prerequisite to obtaining the consumer reports, Granite Bay and NDR were required to certify to Trans Union that they each had a permissible purpose under the FCRA for accessing and using Plaintiff's consumer reports.

9. The Trans Union consumer report, Exhibit A, lists Granite Bay and NDR in the section labeled "Promotional Inquiries" implying that the inquiries were allegedly for promotional purposes under §1681b(c).

10. In order to obtain Plaintiff's Trans Union consumer reports, Granite Bay was required to certify to Trans Union it had a legitimate, permissible purpose recognized under the

---

[2] "Person" is defined by §1681a(b) as any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

3

statute.

11. In order to satisfy the requirements of §1681b(c), a 'firm offer of credit' must be extended to the consumer.

12. Plaintiff never received any 'firm offer of credit' as defined by 15 U.S.C. § 1681a(l) from either Granite Bay or NDR.

13. Granite Bay never extended Plaintiff a 'firm offer of credit' in connection to the inquiries listed in ¶ 4.

14. Granite Bay did not have a permissible purpose to obtain Plaintiff's consumer report six (6) seperate and distinct times.

15. Trans Union knew or should have known that Granite Bay did not have a legitimate purpose to obtain Plaintiff's consumer report six (6) separate and distinct times.

16. Trans Union knew or should have known that National Debt Relief did not have a legitimate purpose to obtain Plaintiff's consumer report.

17. Trans Union failed to implement and maintain reasonable procedures to limit the furnishing of the Plaintiff's consumer reports for a permissible purpose.

18. Trans Union knew or should have known that the FCRA requires consumer reporting agencies such as Trans Union to "maintain reasonable procedures designed to avoid violations...[§1681b] of [the FCRA]" and to ensure those procedures "require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose" under §1681e(a).

### COUNT I - VIOLATIONS OF 15 U.S.C. §§ 1681b(f), 1681q
### (GRANITE BAY)

4

19. Plaintiff incorporates the preceding allegations by reference.

20. The Plaintiff never requested credit or services from, or otherwise authorized his credit information to be obtained by Granite Bay.

21. Granite Bay obtained six (6) Trans Union consumer reports regarding Plaintiff and failed to use them for a legitimate, permissible purpose.

22. Granite Bay knew it did not have a permissible purpose when it obtained Plaintiff's Trans Union consumer reports.

23. Granite Bay willfully and recklessly violated §1681b(f).

24. In the alternative, Granite Bay negligently violated §1681b(f).

25. Granite Bay obtained the consumer reports of the Plaintiff under false pretenses in violation of 15 U.S.C. §1681q

26. As a result of Granite Bay's conduct, Plaintiff has suffered actual damages, including but not limited to, invasion of privacy, mental and emotional stress, anxiety, anger, and frustration that his private, personal, sensitive financial data was obtained by a person that had no right or permissible purpose to Plaintiff's credit information.

27. As a result of these FCRA violations, Granite Bay is liable to Plaintiff pursuant to §§ 1681n and 1681o.

### COUNT II - VIOLATIONS OF 15 U.S.C. §§ 1681b, 1681e(a)
### (TRANS UNION)

28. The Plaintiff incorporates the preceding allegations by reference.

29. The Plaintiff never authorized Trans Union to provide his credit information to Granite Bay or NDR at any time.

5

Case 3:19-cv-00439   Document 12   Filed 05/28/19   Page 5 of 7 PageID #: 45

30. Trans Union sold the Plaintiff's consumer reports listed in ¶ 4 to Granite Bay and NDR, without a legitimate, permissible purpose, in violation of 15 U.S.C. § 1681b.

31. By providing Plaintiff's Trans Union consumer reports to Granite Bay Acceptance and National Debt Relief, as listed in ¶ 4, Trans Union willfully or recklessly violated its duty to Plaintiff not to release credit information, except as authorized under 15 U.S.C. § 1681b.

32. In the alternative, by providing Plaintiff's Trans Union consumer reports to Granite Bay Acceptance and National Debt Relief, as listed in ¶ 4, Trans Union negligently violated its duty to Plaintiff not to release credit information, except as authorized under 15 U.S.C. § 1681b.

33. Trans Union willfully or recklessly failed to implement and maintain reasonable procedures to limit the provision of the consumer reports of the Plaintiff to a permissible purpose and thus violated 15 U.S.C. § 1681e(a).

34. In the alternative, Trans Union negligently failed to implement and maintain reasonable procedures to limit the provision of the consumer reports of the Plaintiff to a permissible purpose and thus violated 15 U.S.C. § 1681e(a).

35. As a result of Trans Union's conduct, Plaintiff has suffered actual damages, including but not limited to, invasion of privacy, mental and emotional stress, anxiety, anger, and frustration that his private, personal, sensitive financial data was provided to persons that had no right or legitimate, permissible purpose to Plaintiff's credit information.

36. As a result of these FCRA violations, Trans Union is liable to Plaintiff pursuant to §§ 1681n and 1681o.

## JURY DEMAND

37. Plaintiff demands trial by jury.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

      a). Actual damages pursuant to 15 U.S.C. §§ 1681n, 1681o;

      b). Statutory damages pursuant to 15 U.S.C. § 1681n;

      c). Punitive damages pursuant to 15 U.S.C. § 1681n;

      d). Attorneys fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

      e). Associated costs in bringing this action;

      f). For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED,

/s/ Daniel Smith

_____
Daniel Smith
4005 Murphy Road
Nashville, Tennessee 37209
615-375-6307
Email: NashLawSmith@comcast.net

DATE: May 24, 2019